United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 29, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 17-20480 |
| MATTHEW A. GONZALEZ § | |
| and § | |
| MARIA E. GONZALEZ, § | |
| § | |
| Debtors. § | |
| § | |
| § | CHAPTER 13 |

## MEMORANDUM OPINION

Yvonne Valdez, the Standing Chapter 13 Trustee, seeks the return of attorneys' fees disbursed to William Whittle. The former Chapter 13 Trustee, Cindy Boudloche, disbursed $7,525.00 in attorneys' fees to Mr. Whittle for his services in two chapter 13 cases. Ms. Boudloche disbursed those fees without court approval. Because the disbursements did not comply with the Bankruptcy Code or Bankruptcy Rules, Ms. Valdez argues that Mr. Whittle must now return those fees.

The Trustee may avoid the unauthorized transfer of attorneys' fees under 11 U.S.C. § 549.

### BACKGROUND

During her trusteeship, Cindy Boudloche paid William Whittle attorneys' fees out of the estates of two chapter 13 debtors. Those fees were paid notwithstanding Mr. Whittle's failure to seek approval of a fixed-fee agreement or compensation application. Ms. Boudloche's successor, Yvonne Valdez, now demands the fees' return.

Mr. Whittle filed a chapter 13 petition for Matthew and Maria Gonzalez in November 2017. (Case No. 17-20480, ECF No. 1). Less than two years after the Gonzalezes entered chapter 13, Mr. Whittle withdrew as their counsel. (Case No. 17-20480, ECF Nos. 56; 61). Following

Mr. Whittle's withdrawal, Ms. Boudloche disbursed $3,425.00 from the Gonzalez estate on account of services Mr. Whittle rendered as the Gonzalez' attorney. (Case No. 17-20480, ECF No. 80 at 2). However, Mr. Whittle never sought approval of a fixed-fee agreement. Mr. Whittle did file a disclosure of compensation as an attachment to the Gonzalez' petition. (See Case No. 17-20480, ECF No. 1 at 61). That disclosure is neither an application for payment nor a fixed fee agreement.

In March 2018, Mr. Whittle filed a chapter 13 petition for Fred and Joimaree Naranjo. (Case No. 18-20107, ECF No. 1). As he did in the Gonzalez case, Mr. Whittle withdrew from representing the Naranjos shortly after the case's commencement. (Case No. 18-20107, ECF Nos. 53; 54). Ms. Boudloche disbursed $4,100.00 in attorneys' fees from the Naranjo estate on account of services Mr. Whittle rendered to the Naranjos. (Case No. 18-20107, ECF No. 88 at 2). Again, Ms. Boudloche disbursed those fees despite Mr. Whittle's failure to obtain approval of a fixed-fee agreement. Mr. Whittle did, however, file his compensation disclosure as an attachment to the Naranjos' petition. (*See* Case No. 18-20107, ECF No. 1 at 56). As in the Gonalzes case, Mr. Whittle's disclosure is neither an application for payment nor a fixed fee agreement.

In February 2014, before representing the Gonzalezes and Naranjos, Mr. Whittle filed a bankruptcy petition for himself. (*See* Case No. 14-20053, ECF No. 1). Mr. Whittle completed his plan payments in February 2019 and received a chapter 13 discharge in May 2019. (*See* Case No. 14-20053, ECF Nos. 126; 135). The fees paid to Mr. Whittle from the Gonzalez bankruptcy case were paid between April 2018 and August 2018. (Case No. 17-20480, ECF No. 80 at 2). The fees in the Naranjo case were paid between August 2018 and December 2018. (*See* Case No. 18-20107, ECF No. 88 at 2).

More than three years after disbursing attorneys' fees to Mr. Whittle, Ms. Boudloche filed Motions for Turnover seeking the fees' return. (Case No. 17-20480, ECF No. 80 at 1–2; Case No. 18-20107, ECF No. 88 at 1–2). There, Ms. Boudloche invoked 11 U.S.C. § 542, arguing that Mr. Whittle must return the attorneys' fees because he failed to file a fixed-fee agreement. (Case No. 17-20480, ECF No. 80 at 1–2; Case No. 18-20107, ECF No. 88 at 1–2). While Mr. Whittle filed the compensation disclosures required by § 329(a), he never filed a fixed-fee agreement or a compensation application. (Case No. 17-20480, ECF No. 1 at 61; Case No. 18-20107, ECF No. 1 at 56).

Though Mr. Whittle did not file a response to Ms. Boudloche's motion, Ms. Boudloche represented that her office reached an agreement with Mr. Whittle for the fees' return. (Case No. 17-20480, ECF No. 80 at 2; Case No. 18-20107, ECF No. 88 at 2). Mr. Whittle failed to return the fees as agreed. The Court then held a hearing on Ms. Boudloche's motions. (Case No. 17-20480, ECF No. 81; Case No. 18-20107, ECF No. 89). At the hearing, the Court directed Ms. Boudloche to file briefing regarding the dischargeability of her turnover claims because Mr. Whittle's own chapter 13 discharge preceded Ms. Boudloche's turnover motions. (Case No. 17-20480, ECF No. 81; Case No. 18-20107, ECF No. 89). Mr. Whittle did not appear at the hearing.

Shortly after moving for turnover of the disbursed fees, Ms. Boudloche resigned her trusteeship. (Case No. 17-20480, ECF No. 82 at 1; Case No. 18-20107, ECF No. 90 at 1). Yvonne Valdez succeeded Ms. Boudloche as the Standing Chapter 13 Trustee. (Case No. 17-20480, ECF No. 82 at 1–2; Case No. 18-20107, ECF No. 90 at 1–2).

After her appointment, Ms. Valdez continued to pursue the attorneys' fees' turnover. Ms. Valdez submitted the discharge briefing the Court requested. (*See* Case No. 17-20480, ECF No. 86; Case No. 18-20107, ECF No. 94). Ms. Valdez argued that the Gonzalez and Naranjo estates'

claims to the attorneys' fees were not discharged in Mr. Whittle's bankruptcy because he received the fees after he filed his petition for relief. (Case No. 17-20480, ECF No. 86 at 3; Case No. 18-20107, ECF No. 94 at 3). Mr. Whittle did not respond to Ms. Valdez's briefing. The Court granted the Trustee's motions for turnover in both the Gonzalez and Naranjo cases. (Case. No. 18-20107, ECF No. 112; Case No. 17-20480, ECF No. 88). On its own motion, the Court now reconsiders those Judgments.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334. The resolution of the Trustee's motions are core proceedings under 28 U.S.C. § 157(b)(2)(A), (I), and (O) because they implicate estate administration, the dischargeability of debts, and the restructuring of debtor-creditor relations. This proceeding was referred to the Bankruptcy Court by operation of General Order 2012-6 (applying 28 U.S.C. § 157(a)).

## DISCUSSION

The issue in this case is whether the Trustee can recover the unauthorized attorneys' fees paid to the debtors' lawyer, Mr. Whittle. The Trustee argues that she has a valid claim for turnover under 11 U.S.C. § 542, which is exempted from the discharge Mr. Whittle received in his personal bankruptcy. Despite the Trustee's reliance on § 542, 11 U.S.C. § 549 provides the proper remedy to recover the unauthorized attorneys' fees.

The Bankruptcy Court for the Southern District of Texas allows attorneys to seek compensation on a fixed-fee or lodestar basis. BANKR. S.D. TEX. LOC. R. 2016-1 (Dec. 1, 2017). Both forms of compensation arise from 11 U.S.C. § 330, which authorizes the Court to award debtors' attorneys "reasonable compensation." 11 U.S.C. § 330(a)(4)(B); *see also In re Chapter 13 Applications*, No. Misc. 06–00305, 2006 WL 2850115, at *3 (Bankr. S.D. Tex. Oct.

3, 2006) (explaining that fixed-fee agreements represent a pre-calculated lodestar amount). An attorney must seek court approval for compensation on either a fixed-fee or lodestar basis. BANKR. S.D. TEX. LOC. R. 2016-1; 11 U.S.C. § 330(a)(4)(B). Yet Mr. Whittle failed to seek court approval for the compensation he received.

Because Mr. Whittle failed to comply with these requirements, the Trustee invokes 11 U.S.C. § 542, arguing that Mr. Whittle must turn over the attorneys' fees. Section 542 provides that any entity in possession of property that the trustee "may use, sell, or lease" must return that property, or the value of that property, to the trustee. 11 U.S.C. § 542(a). The Trustee's success thus depends on the attorneys' fees maintaining their pre-transfer character as property of the estate.[1] However, that predicate is not obvious here, and the Trustee offers no argument or authority establishing that the unauthorized attorneys' fees remained property of the estate more than three years after their transfer.[2] That is, the Trustee may not be entitled to relief under § 542, which only authorizes the Trustee to seek the return of "property of the estate."

The Code does provide a remedy under § 549 for recovering unauthorized post-petition transfers of estate property. 11 U.S.C. § 549(a)(1)–(2); *Compton v. Heron, Burchette, Ruckert & Rothwell* (*In re Powers*), 93 B.R. 513, 515–16 (Bankr. S.D. Tex. 1988). To avoid an unauthorized transfer under § 549, the Trustee must establish that: (i) a transfer occurred, (ii) without court authorization, (iii) after the commencement of the case, and (iv) the transfer consisted of property of the estate. *Sommers v. Katy Steel Co.* (*In re Contr. Tech., Ltd.*), 343 B.R. 573, 576 (Bankr. S.D.

---

[1] The trustee "may use, sell, or lease" property of the estate. 11 U.S.C. § 363(b)(1). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

[2] In bankruptcy, debtors' pre-petition property interests are defined by state law unless some federal interest requires a different result. *Butner v. United States*, 440 U.S. 48, 55 (1979)). Thus, the Trustee needed to demonstrate that the attorneys' fees are still property of the estate under Texas law.

Tex. 2006). Here, the Trustee can satisfy all four elements. Ms. Boudloche admits she voluntarily transferred the attorneys' fees to Mr. Whittle, and nothing in the record demonstrates Ms. Boudloche was authorized to pay Mr. Whittle fees from the Gonzalez and Naranjo estates. (Case No. 17-20480, ECF No. 80 at 2; Case No. 18-20107, ECF No. 88 at 2).

While the Trustee can likely establish her § 549 claims, a two-year statute of limitations restricts § 549's application. 11 U.S.C. § 549(d). Here, the statute of limitations elapsed on both of the Trustee's § 549 claims. Statutes of limitations operate as affirmative defenses which must be timely pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (quoting *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008); *see also Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1412 (2017) ("The law has long treated unenforceability of a claim (due to the expiration of the limitations period) as an affirmative defense."); 11 U.S.C. § 558 ("The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation . . . ."). Hence, to avail himself of § 549(d)'s refuge, Mr. Whittle had to appear and timely assert limitations as a defense. Failure to timely assert the defense results in the defense's waiver. *See LSREF2 Baron*, 751 F.3d at 398 ("Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case."); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[F]ailure to plead [an affirmative] defense constitutes a waiver.").

The Trustee also contends that the discharge injunction[3] resulting from Mr. Whittle's own chapter 13 discharge would not preclude the Trustee from asserting her § 549 claims. Mr. Whittle received his personal chapter 13 discharge in May 2019, years before Ms. Boudloche sought the

---

[3] Section 524(a)(1) enforces the discharge Mr. Whittle received under § 1328. 11 U.S.C. § 524(a)(1).

attorneys' fees' return. But § 1328 bounds the extent of Mr. Whittle's discharge. A § 1328 discharge only extends to debts provided for by the plan or claims that are disallowed under § 502. 11 U.S.C. § 1328(a), (c). While the Court granted Mr. Whittle's discharge in May 2019, Mr. Whittle did not include the Trustee's potential § 549 claims in his schedules or Confirmed Plan. (*See generally* Case No. 14-20053, ECF Nos. 11, 12, 85). The discharge injunction does not bar the Trustee's claims against Mr. Whittle.

Finally, actions to recover unauthorized transfers under § 549 should be advanced as adversary proceedings. *See* FED. R. BANKR. P. 7001(1) ("The following are adversary proceedings: (1) a proceeding to recover money or property . . . ."); *McMillan v. Schmidt (In re McMillan)*, 614 F. App'x 206, 210 (5th Cir. 2015) (holding that an action to recover money is "properly brought as an adversary proceeding"); *Trevino v. HSBC Mortg. Servs. (In re Trevino)*, 535 B.R. 110, 127 (Bankr. S.D. Tex. 2015) ("[A] proceeding to recover money or property *must* be filed as an adversary proceeding." (emphasis in original)); *see also In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover proceeding commenced by motion rather than by complaint will be dismissed and a turnover order entered in an action commenced by motion will be vacated." (internal citations omitted)). However, a party can waive (explicitly or implicitly) its right to an adversary proceeding. *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 763 (5th Cir. 1995). Mr. Whittle has not explicitly waived his Rule 7001 right to an adversary proceeding. *Cf. Cadle Co. v. Sumrall (In re Sumrall)*, 9 F.3d 1547 (5th Cir. 1993) ("The record demonstrates that the parties agreed to waive the requisites of an adversary proceeding."). But if the Court "afforded [Mr. Whittle] all the protections of an adversary proceeding yet [Mr. Whittle] knowingly failed to litigate a Rule 7001 issue which [he] had an opportunity to litigate," Mr. Whittle implicitly waived

his right to demand an adversary proceeding. *Zale Corp.*, 62 F.3d at 763 (citing *Halverson v. Estate of Cameron (In re Mathiason)*, 16 F.3d 234, 238 (8th Cir. 1994)).

Here, Mr. Whittle received the same due process protections he would have received in an adversary proceeding. Ms. Boudloche served Mr. Whittle copies of the turnover motions. (Case No. 17-20480, ECF No. 80 at 3; Case No. 18-20107, ECF No. 88 at 3). The Trustee also served Mr. Whittle with copies of her dischargeability briefing. (Case No. 17-20480, ECF No. 86 at 4; Case No. 18-20107, ECF No. 94 at 4). Mr. Whittle did not respond to Ms. Boudloche's original motions nor the Trustee's supplemental briefing. That notice provided Mr. Whittle with an opportunity to challenge the procedural vehicle through which the Trustee asserted her claims. *Cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 273–75 (2010) (holding that actual notice of a proposed plan provided creditors with an opportunity to appeal the plan absent an adversary complaint and summons). Mr. Whittle declined that opportunity. By choosing not to challenge the Trustee's procedural misstep, Mr. Whittle waived his Rule 7001 right to demand an adversary proceeding. *See Zale Corp.*, 62 F.3d at 763 (recognizing a party's knowing failure to assert its right to an adversary proceeding as a waiver of that right).

Even though Mr. Whittle failed to appear and challenge the Trustee's claims or assert his right to an adversary proceeding, the record indicates Mr. Whittle did not receive notice of the Court's adverse Judgments. (*See* Case No. 17-20480, ECF No. 88; Case. No. 18-20107, ECF No. 112). While those Judgments' entry without an adversary proceeding does not render them inoperative, *see Espinosa*, 559 U.S. at 271–72 (explaining that a proceeding's non-compliance with Rule 7001 does not render an order arising from that proceeding void), Mr. Whittle's lack of notice of the Judgments could, *see Jackson v. Livingston*, 637 F. App'x 148 (5th Cir. 2016) ("Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time to file an

appeal only if the court finds, among other things, 'that the moving party did not receive notice . . . of the judgment or order sought to be appealed within 21 days after entry.'" ). Accordingly, those Judgments must be vacated.

## CONCLUSION

The Court never approved a fix-fee agreement authorizing the compensation Mr. Whittle received. Mr. Whittle must remit those funds to the Trustee. However, the Court's prior Judgments directing remittal were not served on Mr. Whittle. Those Judgments are vacated. New, separate Judgments will be entered. The deadline for an appeal of those Judgments will commence with entry of the new Judgments, entered contemporaneously with this Memorandum Opinion.

SIGNED 07/29/2022

_____
Marvin Isgur
United States Bankruptcy Judge